Ruffin, J.
 

 It was held in
 
 Cotton
 
 v.
 
 Evans,
 
 1 Dev. and Bat. Eq. 284, the invalidity of the acts of one copartner in using the name or effects of the firm did not depend upon a want of power in him, but in the fraudulent abuse of his power in making use of them for his own separate benefit, and in the concurrence in that fraud by the pa2’ty dealing with him in accepting them for that purpose. Of course, such fraud is repelled, when it appears that the other partner assented to the transaction, and hence also it was established, in that case, that it did not require evidence of express or previous assent to the particular transaction, but that it might be inferred from other facts, such as a course of dealing in that way, acquiesced in by all the partners, with knowledge of such dealing, or with full opportunities of knowledge from the entries in the books, which they bad access to, and examined, or ought to have examined.
 
 Exparte Bonhomy,
 
 8 Ves. 540;
 
 Exparte
 
 
 *46
 
 Peele, 6 Ves. 602. It imports such gross negligence, in a partner, of his own rights, and those of other persons, not to put a stop to such dealings, if he objects to them, and thereby prevent his copartner from deceiving those with whom he is having such transactions, as to amount to a fraud, on his part, and deprive him of the protection the law designs to give him.
 

 The application of that doctrine to the present case, is demonstrative ©f its soundness. Jackson not only made frequent use of the joint effects for his own benefit, showing the openness and notoriety of those acts, but Carter also made the same uses of the effects, and proper entries were made of the whole of them in the accounts: so that one is obliged to understand that both parties allowed such dealings, or were wilfully blind. Besides, there is the further circumstance in relation to the transactions with the defendant, which strongly tends to the conclusion, that Carter approved of the settlement between Jackson and the defendant; which is that Carter himself, afterwards made a settlement with the defendant, for subsequent dealings with the firm, and paid the defendant a balance found due thereon, in cash, whence, it may be fairly inferred, that Carter approved of the manner in which the former account, against the defendant, had been closed. The Court is, therefore, of opinion that the case was properly put to the jury, upon relevant evidence, applicable to the principle of law. On the points of evidence, there is no doubt. Though, under the circumstances, the declarations of the alleged offending partner ought to weigh but little, yet the admissions or declarations of a party, to the record, cannot be excluded. It was also immaterial to this enquiry, how the accounts in company stood between Jackson and Carter, since the world could know nothing of that.
 

 PjüR Cueiam, Judgment affirmed.